**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SAVANNAH FLORES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-CV-00166-MMD-CLB<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>[ECF No. 33] |

Currently pending before the Court is Defendants' Merck & Co. and Merck Sharp & Dohme Corp., (collectively referred to as "Merck"), motion to stay discovery, (ECF No. 33). Plaintiff Savannah Flores ("Flores"), responded to the motion, (ECF No. 36), and Defendants replied, (ECF No. 37). The Court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the motion to stay is denied.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　**A.   COMPLAINT**

Flores's filed her Complaint on April 9, 2021, asserting, the following: Merck is the researcher, manufacture, designer, labeler, and promoter of the Gardasil vaccine ("Gardasil"). (ECF No. 1 at 5, 55.) Flores received her first dose of Gardasil on November 5, 2012, when she was 14 years old, and her second dose of Gardasil on February 4, 2013, when she was 15 years old. (*Id.* at 5, 51.) Flores alleges she sustained a litany of serious and debilitating injuries after receiving Gardasil. (*Id.*) Flores alleges her injuries are the result of: (1) Merck's negligence in regard to hazards and dangers of Gardasil that were known, or should have been known, by Merck; (2) Merck's failure to provide adequate warnings or instructions for Gardasil; (3) manufacturing defects found in the Gardasil Flores received; (4) Merck's breach of their express warranty in regard to Gardasil; and (5) Merck's undertaking of fraudulent, false, and misleading statements and omissions in regard to Gardasil. (*Id.* at 55-77.) Flores asserts, "the burden of proof should

be upon [Merck] to prove that [Merck] has not caused the harms [Flores] suffered." (*Id.* at 6.)

**B.  MOTION TO DISMISS**

Merck responded to the Complaint by filing a motion to dismiss. (ECF No. 23.) In the motion to dismiss, Merck first asserts that there is an absence of scientifically reliable evidence to support Flores's allegations. (*Id.*) Additionally, Merck asserts Flores's Complaint fails to state a claim, and Merck argues Flores's claims must be dismissed because: (1) the Vaccine Act expressly preempts Flores's design claims, "even if shrouded in other causes of action"; (2) Flores "fails to plead the necessary elements of her strict liability claims," and Flores fails to plead facts to support these claims; (3) Flores's "warning based claims are barred by the Vaccine Act and the learned intermediary doctrine"; (4) Flores "fails to plead her fraud claim with the requisite particularity required by the federal rules"; and (5) Flores's "shotgun negligence claim is duplicative of her other claims and thus fails." (*Id.*)

On July 2, 2021, in support of Merck's motion to dismiss, Merck also filed a request for judicial notice. (ECF No. 24.) Merck's request for judicial notice contains several agency-created documents, documents which Merck claims Flores incorporated by reference in the Complaint, and a document purported to define medical terms, which Merck also claims Flores incorporated by reference in the Complaint. (*Id.*) Merck asserts that "[j]udicial notice of these matters is compulsory because Merck has requested that judicial notice be taken and [Merck] has furnished the Court with sufficient information to enable [the Court] to take judicial notice of these matters." (*Id.* at 6.)

On July 16, 2021, Flores filed responses to Merck's motion to dismiss and Merck's request for judicial notice. (ECF Nos. 27, 28.) In Flores's opposition to Merck's motion to dismiss, Flores asserts the five claims in the Complaint are adequately pleaded and therefore the Complaint is sufficient. (ECF No. 27 at 6.) Flores also argues that none of her claims are for design defect and therefore none of her claims are preempted. (*Id.* at 8.) Additionally, Flores argues that many of the documents in Merck's request for judicial

notice contain false statements of fact that go to the heart of Flores's allegations against Merck. (ECF No. 28 at 2.) Flores continues by arguing that the exhibits attached to Merck's request for judicial notice contain disputed facts. (*Id.* at 3.)

On July 23, 2021, Merck filed replies to both of Flores's oppositions. (ECF Nos. 29, 30.) In Merck's reply regarding the motion to dismiss, Merck again asserts that the claims in Flores's Complaint either fail to state a claim and/or are preempted. (ECF No. 29.) In Merck's reply, regarding their request for judicial notice, Merck requests the Court take notice that the documents accurately reflect what they purport to be. (ECF No. 30 at 2.)

### C.     MOTION TO STAY

On August 23, 2021, after the motion to dismiss was fully briefed, Merck filed the instant motion to stay discovery. (ECF No. 33.) Merck argues that discovery should be stayed because: (1) Merck's motion is dispositive of all of Flores's claims; (2) Merck's motion can be resolved without any additional discovery; and (3) the requested stay is warranted to assure a just, speedy, and inexpensive resolution to this matter. (*Id.* at 4.)

Flores responded, in opposition, on September 7, 2021. (ECF No. 36.) Flores argues that: (1) Merck's motion to dismiss cannot be decided without additional discovery; (2) Flores has stated a claim for relief; and (3) Merck's request to stay discovery does not promote efficiency. (*Id.*) Merck filed their reply to Flores's response on September 14, 2021. (ECF No. 37.) Merck reasserts that no additional discovery is needed for the Court to decide the motion to dismiss and that the motion to dismiss satisfies the *Tradebay* factors. (*Id.*)

## II.     LEGAL STANDARD

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.,* No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal

quotation marks omitted). Therefore, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should not proceed. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause to stay discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). Motions to dismiss are frequently part of federal practice and an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

To determine if a stay is appropriate pending the ruling on a motion to dismiss, the Court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the Court is convinced that the plaintiff cannot state a claim for relief. *Tradebay*, 278 F.R.D. at 603; *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). The Court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay*, 278 F.R.D. at 603. The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.*

In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

### III. DISCUSSION AND ANALYSIS

With these principles in mind, the Court turns to the pleadings and motions underlying Defendants' request to stay discovery. Pursuant to the *Tradebay* factors, the Court must first determine whether Merck's motion to dismiss is potentially dispositive. Here, Merck's motion primarily seeks dismissal of Flores's claims on the basis that Flores: (1) fails to state a claim under Fed. R. Civ. P. 12(b)(6); (2) Flores's claims are preempted by the Vaccine Act and Nevada's learned intermediary doctrine; and/or (3) Flores's claims are insufficiently pled. (ECF No. 23 at 1-2.) If Merck's motion to dismiss is granted, it appears most, if not all, of the claims asserted in the Complaint would likely be subject to dismissal. Thus, the motion to dismiss is potentially dispositive.

Turning to the second factor, the parties disagree as to whether additional discovery is needed for Merck's motion to dismiss to be decided, (*See* ECF Nos. 33 at 4, 36 at 6). However, Merck's motion to dismiss is primarily centered upon the assertion that Flores's Complaint: (1) fails to state a claim under Fed. R. Civ. P. 12(b)(6); (2) Flores's claims are preempted by the Vaccine Act and Nevada's learned intermediary doctrine; and/or (3) Flores's claims are insufficiently pled. (ECF No. 23 at 1-2.) However, these are straightforward issues that do not appear to require any further discovery.

Finally, the Court must conduct a "preliminary peek" of the motion to dismiss to determine whether a stay of discovery is warranted. In conducting this "preliminary peek," the Court reviewed the operative Complaint in this action, (ECF No. 1), the filings related to Merck's motion to dismiss, (ECF Nos. 23, 27, 29), and reviewed the current filings related to the motion to stay, (ECF Nos. 33, 36, 37). Moreover, the Court considered the primary objectives of Rule 1 and the purpose of discovery in this matter.

In this instance, except for Merck's preemption claims, Merck does not challenge Flores's Complaint on a ground that could not be cured by the Court granting Flores leave to amend her Complaint—e.g., jurisdiction, venue, process, or service of process. (*See* ECF Nos. 23, 29; *see also* Fed. R. Civ. P. 15(a)(2).) Merck's assertion that Flores's claims are preempted by the Vaccine Act, or are barred by Nevada's learned intermediary

5

doctrine, likely do not apply to each of Flores's claims. Moreover, Flores refutes Merck's assertion that the claims are preempted or barred, and Flores refutes Merck's allegations that the claims are "thinly veiled design claims . . . shrouded in other causes of action." (ECF No. 23 at 6; *see* ECF No. 27 at 8-9.) Moreover, to the extent Merck's motion to dismiss is based on pleading deficiencies, the District Court will likely grant Flores leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Based on this review, the Court is not convinced Merck's motion to dismiss will likely be granted in whole, and even if Merck's motion to dismiss is granted, the Court is fairly convinced that Flores will be given leave to file an amended complaint to cure any defects that may be contained within the pleading. *See* Fed. R. Civ. P. 15(a)(2). As such, it appears that, at a minimum, some of the claims asserted in the Complaint will proceed – in spite of the motion to dismiss. Therefore, the Court finds Defendants fail to make the "strong showing" necessary to support a stay of discovery. Therefore, even if Defendants are correct that Flores has not yet met the relevant pleading standards, a stay is unwarranted because an amendment will likely be allowed which could cure the present deficiencies.

In sum, after considering all of the factors related to a stay of discovery and taking a "preliminary peek", the Court is not convinced at this time that Flores will be unable to state any claim for relief. Proceeding with discovery while Defendants' motion to dismiss is pending will further the just and speedy determination of this case. Accordingly, the Court finds Defendants' motion to stay discovery should be denied.[1]

---

[1] Merck also argues Flores has indicated she intends to seek voluminous discovery, i.e., millions of pages of documents, in this case. (ECF No. 37.) Merck asserts that such discovery is disproportionate to the claims and will impose undue costs and burdens on Merck and the Court. (*Id.*) However, the Court finds this argument tenuous. A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause to stay discovery. *See Ministerio Roca Solida*, 288 F.R.D. at 503. The Court finds Merck did not meet their burden of demonstrating the harm or prejudice that will result from the discovery.

## IV. CONCLUSION

Having determined Defendants have failed to make the strong showing required to stay discovery pending a decision on the motion to dismiss, the motion to stay discovery, (ECF No. 33), is **DENIED**.

**IT IS SO ORDERED**.

**DATED**: October 13, 2021 .

**UNITED STATES MAGISTRATE JUDGE**