UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAVANNAH FLORES,<br><br>                             Plaintiff,<br>    v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>                            Defendants. | Case No. 3:21-cv-00166-ART-CLB<br><br>ORDER |

       Before the court is Plaintiff Savannah Flores' motion to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of this case to a consolidated MDL. (ECF No. 56.) For the reasons stated below, the Court GRANTS the motion.

       Plaintiff Flores sued Defendants Merck & Co. Inc. and Merck Sharp & Dohme Corp. (collectively "Merck") on April 9, 2021, on claims of negligence, failure to warn, manufacturing defect, breach of warranty, and common law fraud based on injuries Flores allegedly sustained after receiving Merck's Gardasil vaccine. (ECF No. 1.) On March 16, 2022, Chief Judge Miranda Du granted Merck's Motion to Dismiss with leave to amend. On April 12, 2022, Flores, along with plaintiffs in 33 other actions involving alleged Gardasil-related injuries, moved to transfer all related cases to an MDL pursuant to 28 U.S.C. § 1407. On April 15, 2022, Flores filed an Amended Complaint, and on April 29, 2022, Merck filed a Motion to Dismiss the Amended Complaint. On May 9, 2022, Flores filed an Emergency Motion to Stay the Case pending a decision on consolidation by the JPML. On May 10, 2022, this Court issued a minute order suspending briefing on Merck's Motion to Dismiss Plaintiff's Amended Complaint pending

1

further briefing and this Court's decision regarding Flores' current motion to stay this action.

Merck's grounds for dismissal include that Flores' claims are inadequately pled under federal pleading standards, preempted by the Vaccine Act, and are barred by Nevada's learned intermediary doctrine.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *see also* Rules of the Judicial Panel on Multidistrict Litigation, Rule 2.1(d) ("The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not . . . limit the pretrial jurisdiction of that court.").

Courts generally consider three factors when deciding whether to stay proceedings pending resolution of a request to transfer to an MDL: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Dupey Orthopaedics, Inc.*, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998); *see also* Ann. Manual for Complex Lit. § 20.131 (4th ed. 2017) (observing that courts may defer certain matters until the Panel has the opportunity to rule on transfer, and that "the Panel has held that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed by the transferee judge for resolution after transfer.").

Here, the potential prejudice to Defendants is limited—a short delay until briefing on their motion to dismiss continues either in this Court or the MDL court. That said, the potential prejudice to Plaintiff if a stay is not granted is also limited—Plaintiff would simply be required to file a Response to Defendants'

Motion to Dismiss within a reasonable timeline set by this Court.

On balance, however, judicial economy favors a stay. While Defendants argue that their Motion to Dismiss presents unique issues of Nevada state law, many of Defendants' arguments around inadequate pleading and preemption under the federal Vaccine Act are common to the other cases in the motion to transfer pending before the JPML. Accordingly, the interest in judicial economy created by the commonality of issues in the cases proposed for consolidation outweighs the limited prejudice imposed on Defendants by waiting for the JPML's decision on whether to transfer this case to an MDL.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay (ECF No. 56) is GRANTED;

IT IS FURTHER ORDERED that proceedings in this matter are STAYED until December 13, 2022, or 30 days after a final decision by the Panel regarding possible transfer, whichever is sooner.

DATED THIS 13th day of June 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE